# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: ATTORNEYS OF MCCLENNY MOSELEY & ASSOCIATES, PLLC | § § § § § | CASE NO 3:23-MC-0062<br><br>JUDGE TERRY A. DOUGHTY |

## CLAUDE F. REYNAUD III'S VERIFIED RESPONSE TO JULY 7, 2023 ORDER

Claude F. Reynaud III, through undersigned counsel, hereby respectfully responds to the Court's Order entered herein on July 7, 2023 [R. Doc. 18] (the "Order"), which requests information concerning the "state" of the IOLTA/trust account of his *former* law firm, MCCLENNY MOSELEY & ASSOCIATES, PLLC ("MMA"), in advance of the hearing set for August 8, 2023.

As was just recently explained in a separate briefing [*see* R. Doc. 23], during his time at MMA, Mr. Reynaud was never involved in *any* way with the establishment, maintenance, or activity in MMA's IOLTA/trust account and does not now possess, and never did possess, any information or documents relating to said account. In fact, Mr. Reynaud, having never been designated as the responsible lawyer for the account, and having never used that account or been provided access to that account for any reason, does not even know the bank where the trust account was (or is) kept. Moreover, Mr. Reynaud, who resigned from MMA effective March 4, 2023, no longer has access to any MMA files or records.

On a related note, it also bears reemphasis that Mr. Reynaud never had any access whatsoever to MMA's accounting department or accounting processes, and he never once participated in, and never had any involvement whatsoever in, the receiving, processing, calculating, handling, or disbursing of settlement checks or settlement proceeds. Mr. Reynaud also

had zero involvement, participation, or input whatsoever in the documentation of case expenses for clients, just like he had zero participation or involvement in the processing, handling, or breaking down of settlement proceeds based on attorney fees and costs owed, etc., and never once submitted any expenses on behalf of any client.  All of the foregoing was handled exclusively by others at MMA, all as directed and assigned by Mr. William Huye.

For these and the other reasons explained below, Mr. Reynaud simply has no information or documents responsive to the subject Order. Nevertheless, for ease of reference and completeness, Mr. Reynaud will endeavor to respond to each of the specific questions and/or topics of inquiry set forth in the Court's Order, items 1 through 7, the complete language of which are reproduced below in **_bold italic font_**. To this end, Mr. Reynaud avers as follows:

1.) ***Provide the name of the bank, location and account number of the clients trust account(s) where any of the MMA Louisiana licensed attorneys deposited client settlement funds for the storm damage claims originating in Louisiana.***

Mr. Reynaud has no information or knowledge responsive to this inquiry. During his entire stint at MMA, Mr. Reynaud was never involved with the establishment, maintenance, or activity in MMA's trust account(s). He also does not now possess, and never did possess, any information or documents relating to MMA's trust account(s). Mr. Reynaud, furthermore, never used MMA's trust account(s), and he was never provided access to the account(s) for any reason. Mr. Reynaud accordingly does not know the bank location or account number of any trust account used for the deposit of settlement funds for Louisiana storm damage claims by MMA.

2.)     *In connection with the bank account identified in #1 above, provide the full name, address, telephone number, job title, and email address of all persons having signature authority on the account.*

Mr. Reynaud currently does not have, and never did have any information or knowledge responsive to this inquiry. Mr. Reynaud was never a signatory on any MMA trust account and, moreover, does not know who the signatories are or were.

3.)     *As to each Louisiana storm damage client whose settlement funds are or were deposited in an out of state client trust account, provide the manner of consent given by the client to have their funds handled in this manner.*

Consistent with the fact that he has been resigned from MMA for months and does not now possess, and never did possess, any information or documents relating to any MMA trust account, Mr. Reynaud does not know whether client consent (as contemplated by this area of inquiry) was obtained or, if so, the manner in which it was obtained.

4.)     *Provide a full listing of all Louisiana storm damage clients whose settlement funds were deposited into the client trust account(s) identified in #1 above and for each client identified:*

        a) *Provide any written authorization permitting the MMA Louisiana licensed attorneys to deposit client settlement funds to an out of state client trust account. If no authorization exists, so indicate.*

        b) *Provide a listing of the gross settlement amounts received by the MMA Louisiana licensed attorneys for each client represented and the name of the party/defendant from whom the settlement amounts were received.*

Mr. Reynaud has no information or documents responsive to this area of inquiry and, once again, has no knowledge of any written client authorizations pertaining to the deposit of client settlement funds into a trust account outside of Louisiana. Of additional note, during his tenure at MMA, Mr. Reynaud did not make any deposits into any MMA client trust account or direct any such deposits.

5.)     *Provide a full listing of all Louisiana storm damage clients whose settlement funds were deposited into the client trust account(s) identified in #1 above but where there has not been*

> *a full disbursement of those funds to the parties entitled to receive the proceeds. As to each client identified:*
>
> *a) Provide a copy of any disbursement sheet used to calculate any proposed distribution.*
>
> *b) Provide account statements or proof that the undistributed funds remain in the client trust(s) identified in #1 above.*
>
> *c) Where there has been no distribution of net settlement proceeds to a Louisiana storm damage clients, provide certification that none of the gross settlement funds have been distributed to or for the benefit of the MMA law firm, any attorney now or formerly affiliated with MMA, or third party.*

Mr. Reynaud has no information or documents responsive to this area of inquiry, and he has no knowledge of any undistributed settlement funds by MMA or any instance in which only a partial distribution has been made to a MMA client. Accordingly, Mr. Reynaud is not in a position to provide the certification called for by 5(a) above. By way of further response, Mr. Reynaud never endorsed any check at MMA, and never had the authority or responsibility to do so. Mr. Reynaud also had no access to MMA's accounting department or accounting processes. Finally, Mr. Reynaud had no participation, authority, or involvement whatsoever in the receiving, processing, handling, or disbursing of settlement checks or settlement proceeds.

> 6.) *Provide a full listing of all Louisiana storm damage clients for whom uncashed checks for settlement funds are currently being held. As to each client identified:*
>
> *a) Produce a copy of the uncashed check.*
>
> *b) Provide an explanation for why the check has not been cashed and the funds disbursed.*
>
> *c) Provide an estimated date for disbursement of the funds.*

Mr. Reynaud has no information or documents responsive to this area of inquiry, and he has no knowledge of any uncashed checks for settlement funds or any reason why the negotiation of any such check may be or has been delayed. At MMA, Mr. Reynaud had no participation,

authority, or involvement whatsoever in the receiving, processing, handling, or disbursing of settlement checks or settlement proceeds.

7.) *Provide a specific explanation as to the status of the following cases, including whether any settlement funds are being withheld:*
    a) *Amanda Hester*
    b) *Rayfield Pickney*
    c) *Wanda Alexander*
    d) *Ernestine Mack*
    e) *Aaron Sonnier*
    f) *Wilda Marshall*
    g) *Paul Scott*
    h) *Michael Richard*
    i) *Cornelius Hill*

Again by virtue of his resignation from MMA in early March of this year, Mr. Reynaud no longer has access to MMA files materials and, for that reason, does not know the status of the above-referenced matters, including, but not limited to, whether any settlement funds are being "withheld."

Dated: August 1, 2023

Respectfully Submitted,
THE GALANTE LITIGATION GROUP, LLC

*/s/ William M. Ross*
SCOTT M. GALANTE, T.A. (#26890)
WILLIAM M. ROSS (#27064)
816 Cadiz Street
New Orleans, Louisiana 70115
Phone: 504-452-8347
Email: scott@galantelitigation.com
       billy@galantelitigation.com

*Attorney for Claude F. Reynaud, III*

UNITED STATES DITROCT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ATTORNEYS OF<br>MCCLENNY MOSELEY & ASSOCIATES<br>PLLC | CASE NO. 3:23-MC-0062 |
| | JUDGE TERRY A. DOUGHTY |

**VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

  Before me, the undersigned authority, duly commissioned in and for the State and Parish aforesaid, came and appeared:

**CLAUDE F. REYNAUD, III**

who, after being sworn, deposed and stated that he has reviewed the foregoing response to July 7, 2023 Order and that the factual statements therein are true to the best of his knowledge, information, and belief.

_____
Claude F. Reynaud, III

Sworn to and subscribed before me
this ___1___ day of ~~July~~ August, 2023.

_____
Notary Public
Print Name: Kathleen Arami
La. Bar Roll No.: 28578

My commission is for life.