# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: MCCLENNY MOSELEY & ASSOCIATES PLLC | *   CASE NO.: 3:23-MC-00062<br>*<br>*   JUDGE JAMES D. CAIN, JR. |

\* \* \* \* \* \* \* \* \*

## MOTION AND INCORPORATED MEMORANDUM
## IN SUPPORT FOR LEAVE TO INTERVENE

Brian W. Zimmerman (pro hac vice application forthcoming)
Texas Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson (pro hac vice application forthcoming)
Texas Bar No. 00785429
fjohnson@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

Thomas M. Flanagan (#19569)
Anders F. Holmgren (#34597)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0859
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com
aduplechain@flanaganpartners.com

*Attorneys for intervenors, Equal Access Justice Fund, LP
and EAJF ESQ Fund LP*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii

I.    INTRODUCTION .................................................................................................................. 1

II.   BACKGROUND ................................................................................................................... 3

    A.   EAJF and ESQ loaned funds to a law firm, MMA, and obtained a security interest in the firm's case proceeds. ....................................................... 3

    B.   MMA has defaulted on its loans. ............................................................... 4

    C.   The Court later instituted disciplinary proceedings against MMA and its attorneys. ....................................................................................... 4

    D.   The Court recently ruled in the disciplinary proceeding that MMA's interest in case proceeds in numerous cases is invalid. ............................. 5

III.  LAW AND ARGUMENT ........................................................................................................ 6

    A.   The Court should permit the Lenders to intervene as of right. ................. 6

        1.   The Lenders' motion is timely. ..................................................... 6

        2.   The Lenders have an interest relating to the property or transaction that has been put at issue in this proceeding. .............. 8

        3.   The Court's ruling on the MMA fee interests impairs or impedes the Lenders' ability to protect their interests. ................. 9

        4.   The Lenders' interests are not adequately represented by the existing parties. ................................................................... 9

    B.   Solely in the alternative, the Court should grant permissive intervention under Rule 24(b). ................................................................ 10

IV.   CONCLUSION ................................................................................................................. 11

CERTIFICATE OF CONFERRAL .................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Adam Joseph Res.*,
  919 F.3d 856 (5th Cir. 2019) .................................................................................. 7-9

*Doe v. Duncanville Indep. Sch. Dist.*,
  994 F.2d 160 (5th Cir. 1993), ................................................................................... 10

*La Union del Pueblo Entero v. Abbott*,
  29 F.4th 299 (5th Cir. 2022) ..................................................................................... 8-9

*Mennonite Bd. of Missions v. Adams*,
  462 U.S. 791 (1983) ..................................................................................................... 8

*Ross v. Marshall*,
  426 F.3d 745 (5th Cir. 2005) ................................................................................. 6-10

*Stallworth v. Monsanto Co.*,
  558 F.2d 257 (5th Cir. 1977) ................................................................................... 7-10

*United Airlines v. McDonald*,
  432 U.S. 385 (1977) .................................................................................................... 10

**Statutes**

Fed. R. Civ. P. 24 ............................................................................................................. *passim*

## MOTION AND INCORPORATED MEMORANDUM
## IN SUPPORT FOR LEAVE TO INTERVENE

Equal Access Justice Fund, LP ("EAJF") and EAJF ESQ Fund LP ("ESQ") (sometimes collectively referred to as the "Lenders") are passive lenders to the MMA law firm. Their loans to MMA are full recourse, personally guaranteed, senior-secured, and perfected by filed UCC-1 financing statements. Under Local Rules 7.4.1 and 7.6, the Lenders move the Court for leave to intervene as of right in this matter under Fed. R. Civ. P. 24(a)(2) to assert their perfected security interests and protect their rights in MMA assets to recover their loans. Solely in the alternative, the Lenders move for permissive intervention under Rule 24(b)(1)(B).[1]

**I.   INTRODUCTION**

This is a disciplinary proceeding against a Texas law firm and several of its attorneys. The matter generally arises out of lawsuits filed by the firm in the wake of Hurricanes Laure, Delta, and Ida. Concerned about potential misconduct, the Court investigated, in some cases admitted, and eventually suspended the law firm and its attorneys.

The right of lawyers to practice within this judicial district was the original focus of this proceeding. Recently, however, the Court issued an order declaring that the law firm and "related parties" were not entitled to and had no property interest in any case proceeds derived from the firm's representation of numerous clients in cases before the Court.

The Lenders contend that the Court's recent ruling was in error. EAJF and ESQ are lenders. They loaned millions of dollars to the law firm, and the law firm has since defaulted. The

---

[1] EAJF and ESQ seek to intervene to protect their rights but do not concede, among other things, that a proper case or controversy exists regarding the validity of MMA's case-proceeds interests in various cases, that the Court has subject matter jurisdiction to adjudicate the validity of those interests, or that all necessary parties are present before any such adjudication could potentially occur.

1

Lenders have a perfected security interest in the case proceeds at issue. Yet neither the Lenders nor any other party received notice or an opportunity to be heard regarding the law firm's interest in case proceeds before the Court adjudicated that issue. The Lenders (not to mention the clients, who engaged the law firm) are not parties to this proceeding. Without all relevant parties to the fee arrangements presenting a case or controversy for the Court to resolve, the Lenders contend the Court lacks jurisdiction to rule as it did.

The Lenders were never given a chance to present these arguments. They therefore seek leave to intervene to voice their concerns and defend their interests before this Court and/or before a reviewing court. The Court should grant this motion and permit them to intervene as of right. The Lenders' motion is timely; it is being filed within 13 days of the Court's ruling on the law firm's right to case proceeds, which was the first indication to the Lenders that rights to their collateral were before the Court for adjudication. Additionally, the Lenders have a protected interest in the property or transaction (the case proceeds) that have been put at issue; indeed, the Lenders have a perfected security interest in those proceeds. The Court's ruling impairs the Lender's security interests by declaring that the law firm—their debtor—has no property interest in the proceeds at issue. And finally, the Lenders need a seat at the table because the existing parties have not adequately represented (nor are they expected to adequately represent) the Lenders' interests. The law firm is currently adverse to the Lenders in a lawsuit pending in Texas state court regarding the firm's default, and the Lenders have requested a receiver be appointed for the firm. Moreover, the law firm does not appear to be represented by counsel in this matter, has filed nothing on its own behalf on the question of the case proceeds, and seemingly lacks adequate funds to defend its rights with regard to the proceeds.

When the relevant factors under Rule 24(a) are satisfied, the Court "must" grant intervention. The Court should do so here.

## II.   BACKGROUND

### A.   EAJF and ESQ loaned funds to a law firm, MMA, and obtained a security interest in the firm's case proceeds.

EAJF and ESQ are passive lenders. They loaned millions of dollars to a law firm, McClenny Moseley & Associates, PLLC ("MMA") in 2021 and 2022. *See* attached proposed Complaint in Intervention, ¶¶ 4-12 and Exhibits A-E to that document.

MMA's repayment obligations are secured by valid, perfected, and enforceable liens on all right, title, and interest of MMA in all of its real property, personal property, and fixtures, including all of the "Law Firm Proceeds of all Cases," whether now owned or later acquired. MMA agreed that the "Liens on Collateral" shall be granted to the Lenders and shall be valid and perfected first priority Liens. *See* attached proposed Complaint in Intervention, ¶ 13.

Further, MMA authorized the Lenders to file UCC-1 financing statements to establish and perfect the Lenders' liens on all of MMA's real property, personal property, and fixtures, including all of the Law Firm Proceeds of all Cases. As of October 12, 2021, and August 1, 2022, EAJF perfected its security interest in all accounts, income, receipts, revenue and other assets described in that UCC Financing Statement filing no. 21-0044998138 filed of record with the Texas Secretary of State as to the debtor, MMA. Likewise, ESQ perfected its security interest in all accounts, income, receipts, revenue, and other assets described in that UCC Financing Statement filing no. 22-0037965357, filed of record with the Texas Secretary of State as to the debtor, MMA. *See* attached proposed Complaint in Intervention, ¶¶ 13-15 and Exhibits F-G to that document. The Lenders therefore have liens on the contingent interest/attorneys' fees contractually agreed to

3

and/or earned by MMA, resulting from, arising out of, or related to the Collateral, including Law Firm Proceeds of Cases from any lawsuits and client settlements to which MMA is entitled.

### B.   MMA has defaulted on its loans.

Recently, the Lenders learned that MMA has defaulted on the Loan Agreements' terms and conditions. The Lenders provided notice to MMA of such defaults. MMA has not cured the defaults to date. As a result, the Lenders have sued MMA for its default in the District Court of Harris County, Texas, in the case captioned *Equal Access Justice Fund, LP v. Mcclenny Moseley & Associates, PLLC, and John Zachary Moseley*. In that matter, the Lenders have additionally requested a receiver be appointed over the property and assets of MMA. *See* attached proposed Complaint in Intervention, ¶ 18.

### C.   The Court later instituted disciplinary proceedings against MMA and its attorneys.

Following Hurricanes Laura, Delta, and Ida, MMA represented hundreds of storm victims with respect to property-damage claims. After MMA filed numerous lawsuits within a short timeframe in various jurisdictions, including in the Western District of Louisiana, the Lenders understand that this Court instituted a disciplinary proceeding to investigate and rule on potential sanctions against MMA and its attorneys. That disciplinary proceeding is this present matter.

After conducting various hearings in October and December 2022, the Court ordered on March 3, 2023 that "the law firm of McClenny Moseley & Associates PLLC and anyone affiliated with the firm, including attorneys R. William Huye III, Claude Favrot Reynaud III, Cameron Sean Snowden, Grant P. Gardiner, John Moseley, and James McClenny be SUSPENDED FROM PRACTICE before the United States District Court Case for the Western District of Louisiana for a period of ninety (90) days. At the conclusion of that period the matter will be referred to a full

4

panel of the Article III judges of this court for consideration of further discipline, which could include permanent suspension from practice in the district." Rec. Doc. 1, pp. 3-4.

On June 8, 2023, the Court observed that the 90-day period had expired, and, based on the vote of Western District Article III judges, the Court "extend[ed] the suspensions previously imposed on MMA attorneys." The Court also gave notice to the individual attorneys named in the March 3 order that they could seek an opportunity to be heard regarding their suspensions. Rec. Doc. 2, pp. 1-2.

The Court conducted additional hearings regarding the suspensions in July and August 2023, in response to requests by MMA attorneys. *E.g.*, Rec. Docs 22, 30, 34. At the end of the hearings, the Court took the matters of the attorneys' suspensions under advisement.

Following the July 2023 hearing, counsel for James McClenny emailed to the Court numerous documents related to the Loan Agreements, including some or all of the Loan Agreements from the Lenders. *See* attached proposed Complaint in Intervention, ¶ 24 and Exhibit H to that document. The Court questioned Zachary Moseley about the loans during the August 2023 hearing. Transcript, p. 154.

  **D.** **The Court recently ruled in the disciplinary proceeding that MMA's interest in case proceeds in numerous cases is invalid.**

The Court later issued a sua sponte Order on August 22, 2023 concerning the validity of numerous fee agreements between MMA and its clients. Rec. Doc. 37. The Court ruled that "the law firm McClenny, Moseley & Associates PLLC, McClenny Law Group, Inc., or Moseley Law Group, Inc. (MMA), the individual attorneys of the firm, including but not limited to Zach Moseley and all related parties (MMA and related Parties) are not entitled to any attorney fees, costs, and/or expenses in any of the cases" contained in an attachment. Rec. Doc. 37, pp. 2-3. The

5

Court further ordered "that MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court including the . . . cases [listed] in Exhibit A" attached to the Order.

## III. LAW AND ARGUMENT

### A. The Court should permit the Lenders to intervene as of right.

Under Fed. R. Civ. Proc. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Fifth Circuit has restated this rule in the form of a four-part test: "A motion to intervene [as of right]. . . is proper when: (1) the motion to intervene is timely; (2) the potential intervener [] asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

#### 1. The Lenders' motion is timely.

The Court generally considers four sub-factors when evaluating the timeliness of a proposed intervention: "(1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a

6

result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely." *Ross*, 426 F.3d at 754 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).

As an initial matter, the Lenders note that an intervention is not untimely or delayed merely because it is filed after judgment. *Ross*, 426 F.3d at 754 ("[I]n *Stallworth* we observed that 'whether the request for intervention came before or after the entry of judgment [is] of limited significance,' noting that intervention could be allowed post-judgment provided that the rights of existing parties were not prejudiced and intervention did not interfere with the orderly processes of the court."). Thus, the Court looks to the four factors set out in *Stallworth*.

Here, the proposed intervenors seek to intervene within 13 days of the order from which it first became apparent that the Court would rule on the validity of the MMA interests in case proceeds. That is sufficiently prompt under Fifth Circuit case law. *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) ("Here, all four timeliness factors weigh in favor of allowing intervention. First, Brown Sims attempted to intervene as soon as it learned that its interest may be in peril."); *Stallworth*, 558 F.2d at 267 ("By filing their petition less than one month after learning of their interest in this case, the appellants discharged their duty to act quickly.").

There is no prejudice to the existing parties from any delay, because no delay exists. *See Stallworth*, 558 F.2d at 267. Nor could the Lenders' intended efforts in support of MMA's rights cause any conceivable prejudice to the "existing parties"—*i.e.*, MMA and its present or former attorneys.

7

With regard to potential prejudice to the intervenors from a denial, the Court applies a more "lenient standard" for interventions as of right under Rule 24(a). *Stallworth*, 558 F.2d at 266. As is discussed further below, the would-be intervenors here stand to lose their security interest in collateral (case proceeds) to the loans they made unless they can intervene to assert their rights.

Lastly with regard to timeliness, the Lenders' being unaware that the Court would rule on the validity of MMA's interest in case proceeds (and, thus, their being unaware of any need to intervene) is an unusual circumstance that should weigh in favor of timeliness.

### 2. The Lenders have an interest relating to the property or transaction that has been put at issue in this proceeding.

"[T]o meet this requirement, an applicant must point to an interest that is 'direct, substantial, [and] legally protectable.'" *Ross*, 426 F.3d at 757. A party seeking to challenge a court order that interferes with its own contractual relations satisfies this factor. *Stallworth*, 558 F.2d at 268-69 ("The appellants contend that the consent decree unnecessarily interferes with their contractual relations with Monsanto. . . . If the district court finds that a contractual relation exists between the appellants and Monsanto, then the interest requirement of section (a)(2) is satisfied.").

Further, the Lenders have a perfected security interest in MMA fees earned in their cases. *See* attached proposed Complaint in Intervention, ¶¶ 13-15 and Exhibits F-G to that document. This is a legally protectable interest. "Property interests are the quintessential rights Rule 24(a) protects . . . ." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022); *cf. Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) ("[A] mortgagee possesses a substantial property interest that is significantly affected by a tax sale."); *Adam Joseph Res.*, 919 F.3d at 866 (attorney's fee interest in case proceeds "is a sufficient 'interest relating to the property or transaction that is

8

the subject of the action' for purposes of intervention"). This Court's order declares invalid MMA's interest in case proceeds and thereby potentially destroys collateral to the loan agreements. The Lenders, therefore, have an interest to intervene to defend their collateral and contractual rights.

### 3. The Court's ruling on the MMA fee interests impairs or impedes the Lenders' ability to protect their interests.

On this factor, the movant need only show that, absent intervention, "there is a *possibility* that their interest could be impaired or impeded." *La Union del Pueblo Entero*, 29 F.4th at 307 (emphasis added). The Fifth Circuit has found this factor met where a court has entered an order, in the absence of the would-be intervenors' presence, that would impair the intervenors' "ability to vindicate their interests in a separate proceeding." *Stallworth*, 558 F.2d at 268. That is so even when the would-be intervenors are not necessarily "foreclosed from bringing another suit" to defend its interests. *Adam Joseph Res.*, 919 F.3d at 867. Here, because this Court has ruled that MMA has no interest in certain case proceeds, any other court ruling for the Lenders regarding their rights in the collateral would necessarily "overlap or conflict" with this Court's prior ruling. *Stallworth*, 558 F.2d at 268. That prior ruling, "as a practical matter," impairs or impedes the Lenders' ability to protect their interests.

### 4. The Lenders' interests are not adequately represented by the existing parties.

The Fifth Circuit has described the burden under this factor as "'minimal,' noting that a potential intervenor need only show that 'representation by the existing parties *may* be inadequate.'" *Ross*, 426 F.3d at 761 (emphasis in original). This factor is met where none of the existing parties to the case have voiced the would-be intervenors' concerns or wanted to do so.

9

*Stallworth*, 558 F.2d at 268. Here, no party has—or has been able to—represent the Lenders' interests regarding the case proceeds because it was not clear that the validity of interests in those proceeds was before the Court.

Additionally, though MMA has a common interest in defending its interest in case proceeds, it is not clear that MMA has any counsel enrolled on its own behalf to-date in this matter or will otherwise be able to represent its own interests. The law firm is currently adverse to the Lenders in a lawsuit pending in Texas state court regarding the firm's default, and the Lenders have requested a receiver be appointed for the firm. Moreover, MMA has made no filings in this proceeding and has not yet challenged the Court's ruling with respect to its interest in case proceeds. *See Ross*, 426 F.3d at 755 (citing *United Airlines v. McDonald*, 432 U.S. 385 (1977) for the proposition that a party may promptly intervene to appeal a ruling that the existing parties will not pursue); *id*. at 761 (intervenor insurer satisfied this factor upon its "well-founded belief" its insured was not going to appeal an adverse decision). And this point further distinguishes this case from *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160 (5th Cir. 1993), in which a party was denied the right intervene on the eve of a preliminary injunction hearing (which it opposed) where the defendant, represented by counsel, was vigorously defending against the sought-after injunction.

**B.     Solely in the alternative, the Court should grant permissive intervention under Rule 24(b).**

The Lenders maintain that they should be allowed to intervene as of right. But, solely in the alternative, if they do not have that right, then the Court nevertheless should permit their intervention under Rule 24(b)(1). That Rule provides that, "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact."

The Lenders have perfected security interests in MMA case proceeds. *See* attached proposed Complaint in Intervention, ¶¶ 13-15 and Exhibits F-G to that document. To the extent the existing disciplinary action might amount to a "main action" with respect to the validity of MMA's fee contracts, the Lenders and MMA each have an interest in ensuring that MMA may recover case proceeds earned on its representation of clients. Even though the Lenders have sued MMA for its default, the parties' interests in the present matter involve the same factual and legal questions.

Therefore, solely if the Court denies intervention under Rule 24(a), the Court should at minimum grant the Lenders a permissive intervention.

## IV.   CONCLUSION

For all these reasons, the Court should grant this motion and permit EAJF and ESQ to intervene in this proceeding. The Court should permit intervention as of right. The Lenders' motion is timely; they have asserted an interest in the property or transaction (MMA case proceeds) that have been put at issue; the Court's ruling may impair or impede the Lenders' security interests; and the existing parties neither have adequately represented nor are expected to adequately represent the Lenders' interests. Solely in the alternative, the Court should grant a permissive intervention.

Respectfully submitted,

*/s/ Thomas M. Flanagan*
Thomas M. Flanagan (#19569)
Anders F. Holmgren (#34597)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569 0235
Facsimile: (504) 592 0251

                                                                           tflanagan@flanaganpartners.com
                                                                          aholmgren@flanaganpartners.com
                                                                        aduplechain@flanaganpartners.com

Brian W. Zimmerman (*pro hac vice application forthcoming*)
Texas Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson (*pro hac vice application forthcoming*)
Texas Bar No. 00785429
fjohnson@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

*Attorneys for intervenors, Equal Access Justice Fund, LP and EAJF ESQ Fund LP*

## CERTIFICATE OF CONFERRAL

The undersigned certifies that the Lenders attempted to obtain the consent of all parties (McClenny Moseley & Associates PLLC, through its principal, Zachary Moseley; Cameron S. Snowden; James M. McClenny; Grant P. Gardiner; Claude F. Reynaud, III; and Zachary Moseley, individually) for the Lenders' proposed intervention before filing this motion. Three parties (MMA, Mr. Moseley, and Mr. McClenny) consented. The Lenders do not have confirmation yet whether the remaining parties consent.

                                                                                  */s/ Thomas M. Flanagan*