UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

IN RE: MCCLENNY MOSELEY &     \*    CASE NO.: 3:23-MC-00062
ASSOCIATES PLLC                  \*
                                            \*    JUDGE JAMES D. CAIN, JR.

\*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT IN INTERVENTION**

Equal Access Justice Fund, LP, and EAJF ESQ Fund LP, hereinafter sometimes referred to as "Intervenors" or "Lenders," seek to intervene in this disciplinary proceeding to protect their security interests in collateral that was the subject of a recent order by this Court,[1] and would show the Court as follows:

**PARTIES**

1. Intervenor Equal Access Justice Fund LP ("EAJF") is a limited partnership formed under Delaware law and having an address of c/o Delaware Trust Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

2. Intervenor EAJF ESQ Fund LP ("ESQ") is a limited partnership formed under Delaware law and having an address of c/o Delaware Trust Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3. McClenny Moseley & Associates, PLLC, now known as MMA Law Firm, PLLC ("MMA"), is a Texas professional limited liability corporation located at 1415 Louisiana Street, Suite 2900, Houston, Texas 77002. MMA and several of its attorneys (Cameron S. Snowden,

---

[1] The Lenders seek to intervene to protect their rights but do not concede, among other things, that a proper case or controversy exists regarding the validity of MMA's case-proceeds interests in various cases, that the Court has subject matter jurisdiction to adjudicate the validity of those interests, or that all necessary parties are present before any such adjudication could potentially occur.

1

James M. McClenny, Grant P. Gardiner, Claude F. Reynaud III, and J. Zachary Moseley) are already parties to (and are subjects of) this disciplinary proceeding.

## FACTUAL BACKGROUND

**A.     The Intervenors loaned funds to MMA.**

4.    EAJF made loans to MMA pursuant to that certain Loan Agreement dated September 30, 2021 (the "Initial Loan Agreement"), and pursuant to that certain Amended and Restated Loan Agreement dated as of March 10, 2022 (the "A&R Loan Agreement"), among MMA, McClenny Law Group, Inc., and Moseley Law Group, Inc., as Borrower; John Zachary Moseley, individually, and James McClenny, individually, as Guarantors; and EAJF, as Lender. *See* Exh. A, A&R Loan Agreement (EAJF) (redacted).

5.    The Initial Loan Agreement provided that EAJF will provide a credit facility to MMA in the form of a loan in an amount equal to $8,000,000 (the "Initial Loan").

6.    The A&R Loan Agreement provided that EAJF will provide a credit facility to MMA in the form of a loan in an amount equal to $2,000,000 (the "Additional Loan"). The A&R Loan Agreement provided that the Additional Loan together with the Initial Loan shall be combined in a single loan with the principal amount of $10,000,000. The repayment terms of the A&R Loan Agreement are substantially the same as the repayment terms of the Initial Loan Agreement.

7.    The parties thereafter amended their agreement on June 10, 2022 and November 10, 2022. *See* Exh. B, Amendment to A&R Loan Agreement (EAJF) (redacted). Pursuant to an Amendment No. 2 to the A&R Loan Agreement dated November 10, 2022, EAJF made an additional loan to MMA in the amount of $5,000,000. *See* Exh. C, Amendment No. 2 to A&R Loan Agreement (EAJF) (redacted).

8. ESQ made loans to MMA pursuant to that certain Loan Agreement dated June 10, 2022 (the "ESQ Loan Agreement"), among MMA, McClenny Law Group, Inc., and Moseley Law Group, Inc., as Borrower; John Zachary Moseley, individually, and James McClenny, individually, as Guarantors; and ESQ, as Lender. *See* Exh. D, ESQ Loan Agreement (redacted).

9. The ESQ Loan Agreement provided that ESQ will provide a credit facility to MMA in the form of a loan in an amount equal to $10,000,000 (the "ESQ Loan"). *See* Exh. D, ESQ Loan Agreement (redacted).

10. Pursuant to an Amendment No. 1 to the ESQ Loan Agreement dated October 7, 2022, ESQ agreed to make an additional loan to MMA in the amount of $5,000,000. *See* Exh. E, Amendment No. 1 to ESQ Loan Agreement (redacted).

11. The loan agreements referenced above may be collectively referred to herein as the "Loan Agreements" unless required to discuss terms that differ between such loans.

12. These loans made pursuant to the Loan Agreements, as amended, are with full recourse to the Loan Parties, defined as the Borrower and Guarantor. Additionally, Moseley Law and Moseley absolutely, unconditionally, and irrevocably guaranteed jointly and severally the timely performance of all present and future obligations under the terms of the Loan Agreements.

**B.   Collateral to the loans includes MMA case proceeds, in which the Intervenors have perfected security interests.**

13. Pursuant to Section 10.1 of the Loan Agreements, MMA's repayment obligations are secured by valid, perfected, and enforceable Liens on all right, title, and interest of MMA in all of its real property, personal property, and fixtures, including all of the Law Firm Proceeds of all Cases, whether now owned or hereafter acquired, and all proceeds thereof, but excluding any

Excluded Property. MMA acknowledged and agreed that the Liens on Collateral shall be granted to the Lenders and shall be valid and perfected first priority Liens.

14. Further, MMA authorized the Lenders to file UCC-1 financing statements to establish and perfect Lenders' liens on all of MMA's real property, personal property, and fixtures, including all of the Law Firm Proceeds of all Cases.

15. As of October 12, 2021, and August 1, 2022, EAJF perfected its security interest in all accounts, income, receipts, revenue and other assets described in that UCC Financing Statement filing no. 21-0044998138 filed of record with the Texas Secretary of State as to the Debtor, McClenny Moseley & Associates, PLLC. ESQ perfected its security interest in all accounts, income, receipts, revenue, and other assets described in that UCC Financing Statement filing no. 22-0037965357, filed of record with the Texas Secretary of State as to the Debtor, McClenny Moseley & Associates, PLLC. *See* Exh. F, UCC filings (EAJF); Exh. G, UCC filings (ESQ). The Lenders therefore have liens on the contingent interest/attorneys' fees contractually agreed to and/or earned by MMA, resulting from, arising out of, or related to the Collateral, including Law Firm Proceeds of Cases from any lawsuits and client settlements to which MMA is entitled by virtue of their engagement and fee agreements with clients.

**C.     MMA has defaulted on its loans.**

16. Recently, the Lenders learned that MMA has defaulted on the Loan Agreements' terms and conditions.

17. The Lenders provided notice to MMA of such defaults. MMA has not cured the defaults to date.

18. As a result, Lenders have sued MMA for its default in the District Court of Harris County, Texas, in the case captioned *Equal Access Justice Fund, LP v. Mcclenny Moseley & Associates,*

*PLLC, and John Zachary Moseley*. In that matter, the Lenders have additionally requested a receiver be appointed over the property and assets of MMA.

**D.    The Court instituted disciplinary proceedings against MMA and its attorneys; in the context of those proceedings, the Court recently ruled that MMA's fee interest in numerous cases is invalid.**

19.    Following Hurricanes Laura, Delta, and Ida, MMA has represented thousands of storm victims with respect to property-damage claims.

20.    After MMA filed numerous lawsuits within a short timeframe in various jurisdictions, including in the Western District of Louisiana, the Lenders understand that this Court instituted a disciplinary proceeding to investigate and rule on potential sanctions against MMA and its attorneys. That disciplinary proceeding is this present matter.

21.    After conducting various hearings in October and December 2022, the Court ordered on March 3, 2023 that "the law firm of McClenny Moseley & Associates PLLC and anyone affiliated with the firm, including attorneys R. William Huye III, Claude Favrot Reynaud III, Cameron Sean Snowden, Grant P. Gardiner, John Moseley, and James McClenny be SUSPENDED FROM PRACTICE before the United States District Court Case for the Western District of Louisiana for a period of ninety (90) days. At the conclusion of that period the matter will be referred to a full panel of the Article III judges of this court for consideration of further discipline, which could include permanent suspension from practice in the district." Rec. Doc. 1, pp. 3-4.

22.    On June 8, 2023, the Court observed that the 90-day suspension period had expired, and, based on the vote of Western District Article III judges, the Court "extend[ed] the suspensions previously imposed on MMA attorneys." The Court additionally gave notice to the

5

individual attorneys named in the March 3 order that they could seek an opportunity to be heard regarding their suspensions. Rec. Doc. 2, pp. 1-2.

23. The Court conducted additional hearings regarding the suspensions in July and August 2023, in response to requests by MMA attorneys. *E.g.*, Rec. Docs 22, 30, 34. At the conclusion of the hearings, the Court took the matters of the attorneys' suspensions under advisement.

24. Following the July 2023 hearing, counsel for James McClenny sent to the Court documents related to the Loan Agreements, including some or all of the Loan Agreements with the Lenders. Exh. H, McClenny Corresp. to Court, Aug. 15, 2023. The Court questioned Zach Moseley about the loans during the August 8, 2023 hearing. Transcript, p. 154.

25. Thereafter, the Court issued an Order on August 22, 2023 concerning the validity of numerous fee agreements between MMA and its clients. Rec. Doc. 37. The Court ruled that "the law firm McClenny, Moseley & Associates PLLC, McClenny Law Group, Inc., or Moseley Law Group, Inc. (MMA), the individual attorneys of the firm, including but not limited to Zach Moseley and all related parties (MMA and related parties) are not entitled to any attorney fees, costs, and/or expenses in any of the cases" contained in a list attached to the Order. Rec. Doc. 37, pp. 2-3. The Court further ordered "that MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court including the . . . cases [listed] in Exhibit A" attached to the Order.

## CLAIM

26. The Intervenors have valid and enforceable security interests which constitute a first lien on all of MMA's real property, personal property, and fixtures, including all of the Law Firm Proceeds of all Cases. Pursuant to the terms and conditions of the Loan Agreements, the

Intervenors' security interest constitutes a first lien on MMA's assets as described including Law Firm Proceeds of all Cases as defined in the Loan Agreements.

27. The Court's recent order, in the context of disciplinary proceedings against the MMA law firm and various MMA attorneys, ruled that MMA was not entitled to attorney's fees and had no property interest in proceeds of numerous cases pending in the Western District.

28. MMA's interest in case proceeds in the referenced cases fall within the Law Firm Proceeds that are collateral to the Loan Agreements, as to which MMA is now in default.

29. The Court's recent Order impairs the Intervenor's rights with respect to their collateral and security interests. This impairment occurred, among other things, without the Intervenors being party to the proceedings and without notice to the Intervenors that the validity of the collateral and their security interests would be adjudicated by the Court.

30. The Intervenors—without conceding that a proper case or controversy exists regarding the validity of the MMA case-proceeds interests at issue, that the Court has subject matter jurisdiction to adjudicate the validity of those interests, or that all necessary parties are present before any such adjudication could potentially occur—seek to intervene for the purpose of having an opportunity to be heard (in the District Court and/or any reviewing court) with respect to the impairment of their collateral.

**PRAYER**

For the foregoing reasons, the Intervenors seek to be allowed to intervene in this matter; that they be given an opportunity to be heard (in the District Court and/or any reviewing court) with respect to the impairment of their collateral and security interests; and that they be awarded such other and further relief to the extent of the Court's jurisdiction, if any, and to which the Intervenors may be justly entitled.

Respectfully submitted,

*/s/ Thomas M. Flanagan*
Thomas M. Flanagan (#19569)
Anders F. Holmgren (#34597)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569 0235
Facsimile: (504) 592 0251
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com
aduplechain@flanaganpartners.com

Brian W. Zimmerman (*pro hac vice application forthcoming*)
Texas Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson (*pro hac vice application forthcoming*)
Texas Bar No. 00785429
fjohnson@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

*Attorneys for intervenors, Equal Access Justice Fund, LP and EAJF ESQ Fund LP*