## AMENDMENT NO. 1
## TO LOAN AGREEMENT

This Amendment No. 1 to Loan Agreement (the "*Agreement*" or "*Amendment*") is entered into as of October 7, 2022, among McClenny Moseley & Associates, PLLC, a Texas professional limited liability company, McClenny Law Group, Inc., a Texas professional corporation, and Moseley Law Group, Inc., a Texas professional corporation (the *"Borrower"*), the Equity Partners party to this Agreement as Guarantors, and EAJF ESQ Fund LP, a Delaware limited partnership (the "*Lender*"), as the lender as provided herein, having an address of EAJF ESQ Fund LP c/o Delaware Trust Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

### PRELIMINARY STATEMENTS

A.  The Borrower, the Guarantors party thereto, and the Lender entered into that certain Amended and Restated Loan Agreement dated as of June 10, 2022 (as extended, renewed, amended or restated from time to time, the *"Loan Agreement"*). All capitalized terms used herein without definition shall have the same meanings herein as such terms have in the Loan Agreement.

B.  The Borrower has requested that the Lender extend an additional Loan to the Borrower and make certain other amendments to the Loan Agreement, and the Lender is willing to do so under the terms and conditions set forth in this Amendment.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

SECTION 1.    AMENDMENTS.

Subject to the satisfaction of the conditions precedent set forth in Section 2 below, the Loan Agreement shall be and hereby is amended as follows:

1.1.    Section 2.1 of the Loan Agreement shall be amended and restated in its entirety as follows:

*Section 2.1.    The Facility.* The Lender previously made loans to the Borrower, amounting to a combined aggregate principal total of $10,000,000.00 (the *"Initial Loans"*). As of October 7, 2022, the principal amount justly and truly owing on the Initial Loans amounts to $10,000,000.00 in total, without defense, offset or counterclaim. Subject to the terms and conditions hereof, the Lender agrees to make an additional loan (an *"Additional Loan"*) in U.S. Dollars to the Borrower on October 7, 2022, in an amount equal to $5,000,000.00. The Additional Loan together with the principal amount of the Initial Loans shall be combined into a single loan with the principal amount of such loans (equal to $15,000,000.00) being referred to herein individually as a *"Loan"* and collectively as the *"Loans,"* of which $3,000,000.00 of gross proceeds shall be paid on the Closing Date as the first advance on the Loan. No amount repaid or prepaid on any Loan may be borrowed again (such re-borrowed Loan, a *"Reborrowed Loan"*) other than as consented to by the Lender in writing in its sole discretion; *provided* that, notwithstanding the foregoing, the aggregate

**Exhibit E**

principal amount of all Reborrowed Loans shall never exceed $15,000,000.00. The proceeds of the Additional Loan will be sent via wire or other electronic funds transfer to the Designated Disbursement Account following the Lender's receipt of the Borrower's written direction and funds transfer information and satisfaction of the conditions precedent in this Agreement. The principal will be decreased by the amount of any prepayments made and increased by the amount of any unpaid interest that accrues on the Loans and is added to the principal balance as set forth in Section 2.2. The Borrower shall give a notice to the Lender requesting the advance of a Loan to the Lender by telephone or other telecommunication device acceptable to the Lender (which notice shall be irrevocable once given and, if by telephone, shall be promptly confirmed in writing in a manner acceptable to the Lender), substantially in the form attached hereto as Exhibit A (Notice of Borrowing), or in such other form acceptable to the Lender. The Borrower agrees that the Lender may rely on any such telephonic or other telecommunication notice given by any person the Lender in good faith believes is a Responsible Officer without the necessity of independent investigation, and in the event any such notice by telephone conflicts with any written confirmation such telephonic notice shall govern if the Lender has acted in reliance thereon.

SECTION 2.    CONDITIONS PRECEDENT.

The effectiveness of this Amendment is subject to the satisfaction of each of the following conditions precedent:

2.1.    The Borrower, the Guarantor and the Lender shall have executed and delivered this Amendment.

2.2.    The Borrower shall have executed that certain Amended and Restated Note.

2.3.    The Lender shall have received a non-refundable advance fee in an amount equal to ▇▇▇▇▇▇ and a non-refundable servicing fee in an amount equal to ▇▇▇▇▇▇

2.4.    The Lender shall have received an executed Notice of Borrowing and Direction of Proceeds letter.

2.5.    Legal matters incident to the execution and delivery of this Amendment shall be satisfactory to the Lender and its counsel.

SECTION 3.    REPRESENTATIONS.

In order to induce the Lender to execute and deliver this Amendment, the Borrower hereby represents to the Lender that as of the date hereof (a) the representations and warranties set forth in Section 5 of the Loan Agreement are and shall be and remain true and correct and (b) the Borrower is in compliance with the terms and conditions of the Loan Agreement and no Default or Event of Default has occurred and is continuing under the Loan Agreement or shall result after giving effect to this Amendment.

-2-

Borrower Initials: ZM  JM
Lender Reference: Loan Number 2001

SECTION 4.   MISCELLANEOUS.

4.1.   The Borrower heretofore executed and delivered to the Lender the Security Agreement and certain other Collateral Documents. The Borrower hereby acknowledges and agrees that the Liens created and provided for by the Collateral Documents continue to secure, among other things, the Obligations arising under the Loan Agreement as amended hereby; and the Collateral Documents and the rights and remedies of the Lender thereunder, the obligations of the Borrower thereunder, and the Liens created and provided for thereunder remain in full force and effect and shall not be affected, impaired or discharged hereby. Nothing herein contained shall in any manner affect or impair the priority of the liens and security interests created and provided for by the Collateral Documents as to the indebtedness which would be secured thereby prior to giving effect to this Amendment.

4.2.   Each Guarantor hereby acknowledges that it has reviewed the terms and provisions of this Amendment and consents to any modification of the Loan Agreement and the other Loan Documents effected pursuant to this Amendment. Each Guarantor hereby confirms to the Lender that, after giving effect to this Amendment, the Guaranty Agreements of such Guarantor and each other Loan Document to which such Guarantor is a party continues in full force and effect and is the legal, valid and binding obligation of such Guarantor, enforceable against such Guarantor in accordance with its terms except as enforceability may be limited by bankruptcy, insolvency, fraudulent conveyance or similar laws affecting creditors' rights generally and general principles of equity (regardless of whether the application of such principles is considered in a proceeding in equity or at law). Each Guarantor acknowledges and agrees that (i) notwithstanding the conditions to effectiveness set forth in this Amendment, such Guarantor is not required by the terms of the Loan Agreement or any other Loan Document to consent to the waivers or modifications to the Loan Agreement effected pursuant to this Amendment and (ii) nothing in the Loan Agreement, this Amendment or any other Loan Document shall be deemed to require the consent of such Guarantor to any future waivers or modifications to the Loan Agreement.

4.3.   Except as specifically amended herein, the Loan Agreement shall continue in full force and effect in accordance with its original terms. Reference to this specific Amendment need not be made in the Loan Agreement, the Note, or any other instrument or document executed in connection therewith, or in any certificate, letter or communication issued or made pursuant to or with respect to the Loan Agreement, any reference in any of such items to the Loan Agreement being sufficient to refer to the Loan Agreement as amended hereby. This Amendment is not a novation nor is it to be construed as a release, waiver or modification of any of the terms, conditions, representations, warranties, covenants, rights or remedies set forth in the Loan Agreement or the other Loan Documents, except as specifically set forth herein. Without limiting the foregoing, the Borrower and the Guarantor agree to comply with all of the terms, conditions, and provisions of the Loan Agreement and the other Loan Documents except to the extent such compliance is irreconcilably inconsistent with the express provisions of this Amendment.

4.4.   The Borrower agrees to pay on demand all costs and expenses of or incurred by the Lender in connection with the negotiation, preparation, execution and delivery of this Amendment

-3-

Borrower Initials: _FM_ _JM_
Lender Reference: Loan Number 2001

and the other instruments and documents being executed and delivered in connection herewith and the transactions contemplated hereby, including the fees and expenses of counsel for the Lender.

4.5. This Amendment may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Any of the parties hereto may execute this Amendment by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original. Delivery of an executed counterpart of a signature page of this Amendment by facsimile or in electronic (e.g., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Amendment.

[SIGNATURE PAGES FOLLOW]

This Loan Agreement is entered into among us for the uses and purposes hereinabove set forth as of the date first above written.

"BORROWER"

McClenny Moseley & Associates, PLLC

By _____
Name: James Marshall McClenny
Title: Manager

By _____
Name: John Zachary Moseley
Title: Manager

McClenny Law Group, Inc.

By _____
Name: James Marshall McClenny
Title: Director

Moseley Law Group, Inc.

By _____
Name: John Zachary Moseley
Title: Director

[Signature Page to Amendment to Loan Agreement]

"GUARANTORS / EQUITY PARTNERS"

EACH GUARANTOR/EQUITY PARTNER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS LOAN AGREEMENT (WHICH INCLUDES THE GUARANTEE) AS OF THE TIME OF EXECUTION.

By _____
James Marshall McClenny, Individually

By _____
John Zachary Moseley, Individually

"LENDER"

EAJF ESQ FUND LP

By: EAJF ESQ GP LLC
Its: General Partner

By _____
Name: Benjamin E. Blank
Title: Manager