UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

IN RE: MCCLENNY MOSELEY &     *    CASE NO.: 3:23-MC-00062
ASSOCIATES PLLC                   *
                                            *    JUDGE JAMES D. CAIN, JR.

\*   \*   \*   \*   \*   \*   \*   \*   \*

### EX PARTE MOTION FOR EXPEDITED CONSIDERATION

Equal Access Justice Fund, LP ("EAJF") and EAJF ESQ Fund LP ("ESQ"), sometimes referred to collectively as the "Lenders," move the Court for expedited consideration of their motion for leave to intervene as of right under Fed. R. Civ. P. 24(a)(2) and alternative motion for permissive intervention under Rule 24(b)(1)(B).[1]

**1.**

EAJF and ESQ are passive lenders. They loaned millions of dollars to a law firm, McClenny, Moseley & Associates, PLLC ("MMA") in 2021 and 2022. In connection with those loans, the Lenders obtained a security interest in MMA's case proceeds.

**2.**

On August 22, the Court issued a ruling concerning the validity of fee agreements between MMA and many of its clients. Rec. Doc. 37. The Court ruled that "the law firm McClenny, Moseley & Associates PLLC, McClenny Law Group, Inc., or Moseley Law Group, Inc. (MMA), the individual attorneys of the firm, including but not limited to Zach Moseley and all related parties (MMA and related Parties) are not entitled to any attorney fees, costs, and/or expenses in

---

[1] EAJF and ESQ seek to intervene to protect their rights but do not concede, among other things, that a proper case or controversy exists regarding the validity of MMA's case-proceeds interests, that the Court has subject matter jurisdiction to adjudicate the validity of those interests, or that all necessary parties are present before any such adjudication could potentially occur.

1

any of the cases" contained in a list attached to the Court's ruling. Rec. Doc. 37, pp. 2-3. The Court further ordered "that MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court including the . . . cases [listed] in Exhibit A" attached to the ruling. *Id.*

**3.**

The Lenders, who have perfected security interests in MMA's case proceeds, have sought leave to intervene in this matter to have an opportunity to be heard (in the District Court and/or any reviewing Court) regarding the impairment of their collateral that results from the Court's order.

**4.**

The Federal Rules of Appellate Procedure dictate that a notice of appeal be filed within 30 days of the entry of judgment. Fed. R. App. P. 4(1)(A).

**5.**

Because the time to seek relief from the Court's August 22, 2023 judgment might be limited, the Lenders respectfully urge the Court to consider their motion for leave to intervene on an expedited basis.

Respectfully submitted,

*/s/ Thomas M. Flanagan*
Thomas M. Flanagan (#19569)
Anders F. Holmgren (#34597)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569 0235
Facsimile: (504) 592 0251
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com

aduplechain@flanaganpartners.com

Brian W. Zimmerman (*pro hac vice application forthcoming*)
Texas Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson (*pro hac vice application forthcoming*)
Texas Bar No. 00785429
fjohnson@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

*Attorneys for intervenors, Equal Access Justice Fund, LP and EAJF ESQ Fund LP*

3