**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | **MISCELLANEOUS CASE** |
| **MCCLENNY MOSELEY & ASSOCIATES PLLC** | * | **NO. 3:23-MC-00062** |
| | * | **JUDGE JAMES D. CAIN, JR.** |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT
OF MOTION TO STAY THE COURT'S AUGUST 22, 2023 ORDER**

**NOW INTO COURT**, through undersigned counsel, MMA Law Firm, PLLC (formerly, McClenny Moseley & Associates PLLC) ("MMA") and J. Zachary Moseley ("Moseley"), hereby respectfully file this Motion and Incorporated Memorandum in Support of Motion to Stay the Court's August 22, 2023 Order pending appeal.

**I.     Background**

The Court opened this *in re* miscellaneous matter to consolidate disciplinary proceedings for individual Louisiana-licensed MMA attorneys whom had made appearances for property owner plaintiffs.  The Court suspended the MMA attorneys' ability to practice in this Court.  Initially, the Court's actions suspending these attorneys did not implicate MMA's property interests.  After several individual MMA attorneys sought to reduce their suspensions, the Court conducted hearings on those specific requests.  One such hearing was conducted on August 8, 2023, during which the Court ordered Mr. Moseley to deliver settlement checks in MMA's possession.  Two weeks later, the Court issued an order (the "August 22 Order"), which stated:

> IT IS ORDERED that the law firm of McClenny, Moseley & Associates, PLLC, McClenny Law Group, Inc. or Moseley Law Group, Inc. (MMA), the individual attorneys of the firm, including but not limited to Zach Moseley and all related parties (MMA and related Parties) are not entitled to any attorney fees, costs and/or expenses in any of the cases attached herein as Exhibit A.

> IT IS FURTHER ORDERED that MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court, including the attached cases in Exhibit A.[1]

Exhibit A appears to list matters which MMA, on behalf of plaintiff-property owners, previously settled out of court and for which insurance companies had tendered payment checks.  The second part of the August 22 Order additionally affects cases filed and being litigated in court.[2]

Meanwhile, MMA's lenders moved to intervene to protect their property interests in case proceeds,[3] but the Court denied the motion.[4]  On September 21, 2023, MMA and Mr. Moseley noticed their appeal of the August 22 Order.[5]  Five days later, the Court issued an order "affirm[ing] that neither … Moseley nor [MMA] is entitled to any withholding of attorney's fees from the settlement check owed to [Mr.] Sonnier[.]"[6]

Though this Court was divested of jurisdiction once the notice of appeal was filed, out of an abundance of caution, considering that MMA has no way of knowing how the Court's declarations are being or will be implemented, MMA and Mr. Moseley now request that the Court stay execution of its August 22 Order pending resolution of MMA's appeal.

## II.    Argument and Authorities

### A.  Mandatory Stay: MMA's Appeal Divested this Court of Jurisdiction.

It is settled that "[a]n appeal … 'divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).  This sensible, one-court-at-a-time jurisdictional doctrine is known as the *Griggs* principle:

> [I]t [i]s generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The

---

[1]    Rec. Doc. 37. Pp. 2-3.
[2]    In both instances, MMA's lenders have perfected security interests and vested property rights.  MMA's lenders attempted to intervene in the matter, but their request was denied.  The lenders have appealed.
[3]    Rec. Doc. 39.
[4]    Rec. Doc. 43.
[5]    Rec. Doc. 45.
[6]    Rec. Doc. 49.

> filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Applying *Griggs* to a request to stay district court proceedings pending an interlocutory appeal on the question of arbitrability, the Supreme Court held that a stay was required, indeed, automatic. *Coinbase, Inc.*, 599 U.S. at 744 (observing that the "*Griggs* principle already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal.").

Here, MMA has appealed the August 22 Order and awaits a briefing order.[7]  MMA has appealed the Court's categorical declaration that MMA had no property interest in case proceeds of cases pending in the Western District or in settlement proceeds of matters settled inside the geographic boundaries of the Western District.  Applying the *Griggs* principle, considering that jurisdiction vested with the Fifth Circuit over the legal issues involved in the appeal, a stay with respect to the Court's power to so declare and as to the substance of the declaration itself should be automatic. *See, e.g., Griggs*, 459 U.S. at 58.

In an abundance of caution, MMA and Mr. Moseley respectfully request that the Court maintain the status quo pending appellate review.  Given that additional orders have issued since August 22 and since MMA noticed its appeal of the order,[8] and given that the Order leaves implementation to the discretion of the Court, and to other non-parties to the disciplinary matter—MMA and Mr. Moseley move the Court to stay execution of its August 22 Order pending appeal.[9]

---

[7]       All told, there are three separate appeals of three separate orders issued in this miscellaneous case.  Ostensibly, the August 22 Order is not interlocutory in nature, but, rather, is a final order adjudicating MMA's property interest in case and settlement proceeds.

[8]       *See, e.g.,* Rec. Doc. 49 ("the undersigned hereby AFFIRMS that neither Zach Moseley nor [MMA] is entitled to any withholding of attorney fees from the settlement check owed to [particular client] from his Hurricane Laura suit against [insurance company].").

[9]       Consistent with Federal Rule of Appellate Procedure 8(a), a stay request should be made in the first instance with the district court, which retains jurisdiction to rule on such a request.  *See Matter of Miranne*, 852 F.2d 805, 806 (5th Cir. 1988).

### B.  Discretionary Stay: A Stay Pending Appeal Is Warranted.

"A stay pending appeal 'simply suspends judicial alteration of the status quo.'" *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 429 (2009)). Though a stay pending appeal is "extraordinary relief," it is left to the court's discretion and depends on the circumstances of the case. *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (citing *Nken*, 556 U.S. at 433-34).   Stays of sanctions orders are often appropriate pending appeal, especially where such sanctions are of a punitive nature.  *See, e.g., Nat. Gas. Pipeline Co. of Am. V. Energy Gathering, Inc.*, 86 F.3d 464, 466 (5th Cir. 1996) (noting that a prior Fifth Circuit panel stayed a sanctions order against a non-party in possession of discoverable material, and eventually mostly reversed the sanctions order as overly punitive).

Four factors inform whether a court should grant a discretionary stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant will be irreparably injured if the stay is not granted, (3) whether a stay would substantially harm the other parties, and (4) whether a stay would serve the public interest.  *See United States v. Baylor Univ. Med. Ctr.,* 711 F.2d 38, 39-40 (5th Cir. 1983); *Plaquemines Parish*, 84 F.4th at 373 (referring to the four factors as "the *Nken* factors").  "The first two factors … are the most critical." *Veasey*, 769 F.3d at 892 (citing Nken, 556 U.S. at 434).  The factors should not be applied in a rigid, mechanical fashion.  For instance, when a serious legal question is involved, the movant need only present a substantial case on the merits and show that the balance of the equities weighs in favor of a stay.  *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

In *Ruiz*, the trial court had imposed a sweeping injunction concerning specific changes to a state prison system.  On appeal, the Fifth Circuit stayed portions of that injunction, noting:

> We … hold that on motions for stay pending appeal the movant need not always
> show a "probability" of success on the merits; instead, the movant need only present
> a substantial case on the merits when a serious legal question is involved and show

that the balance of the equities weighs heavily in favor of granting the stay. *Providence Journal v. Federal Bureau of Investigation*, 595 F.2d 889 (1st Cir. 1979); see *Houston Insulation Contractors Ass'n v. N.L.R.B.*, 339 F.2d 868, 870 (5th Cir. 1964). If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue.

*Id.* at 565; *see also Plaquemines Parish*, 84 F.4th at 373 (reiterating *Ruiz's* "substantial case on the merits" gloss on the first stay factor).

Each of the four factors favors a stay pending appeal.

1.   *MMA has shown a likelihood of success on the merits and a substantial case on the merits.*

The "substantial case on the merits" formulation applies, rather than the "likelihood of success" formulation.  Regardless, MMA's and Mr. Moseley's stay request passes both tests.

MMA makes a strong showing that it is likely to succeed on the merits.  Serious legal—indeed, justiciability and *constitutional*—questions are presented.  First, the Court's August 22 Order was issued in the absence of a case or controversy and, thus, the Court was without jurisdiction to issue broad declaratory relief in favor of non-parties to the miscellaneous disciplinary proceeding.   Courts are confined to resolve concrete disputes—"cases or controversies"—properly presented and briefed by adversaries.  *TransUnion LLC v. Ramirez*, 594 U.S. ---, 141 S. Ct. 2190, 2205 (2021)(citation omitted).  The Supreme Court "underst[ands] that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions."  *Carney v. Adams*, 592 U.S. ---, 141 S. Ct. 493, 498-99 (2020)(citations omitted).   Stated differently, "courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *accord Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976) ("[courts] are not permitted the luxury of issuing advisory opinions,[]" and thus may not take action that is "in no way responsive to the pleadings in the case.").  Critically, when

5

no such case or controversy is before the court, that is, "when a court lacks jurisdiction, it is emphatically powerless to reach the merits." *Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 449 (5th Cir. 2023). Yet, that is precisely what the Court's August 22 Order did: in the absence of any case or controversy presenting, framing, or briefing the issue of MMA's property rights, the Court categorically adjudicated the merits of MMA's entitlement to case and settlement proceeds.[10] Because this Court *sua sponte* envisioned a controversy and then resolved an unmade (non-justiciable) "claim," MMA has a substantial case regarding whether Court exceeded its limited jurisdictional authority.[11]

Second, MMA and Mr. Moseley make a substantial case on the merits of a serious constitutional question insofar as the August 22 Order extinguishes MMA and Mr. Moseley of their property rights without a pre-deprivation hearing or opportunity to be heard, in violation of their constitutional due process rights. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the

---

[10]     The August 22 Order purports to adjudicate claims not presented to the Court. Former MMA clients that are represented by the settlement checks listed in Exhibit A of the August 22 Order—presumably, the only conceivable "parties" that would be aggrieved by MMA's alleged misconduct—have not sued MMA, sought disgorgement of fees, alleged breach of contract, or otherwise sought to invalidate MMA's entitlement to its contractual fee agreements. The singular law firm attempting to achieve the no-fee-entitlement declaration made by this Court failed to persuade the Eastern District that it had Article III jurisdiction. *See Morris Bart, LLC v. McClenny Moseley & Assocs., PLLC*, No. 23-1453, 2023 WL 6809815 (E.D. La. Oct. 16, 2023) (Africk, J.) (dismissing for lack of Article III standing law firm's claims seeking broad declarations that rival law firm, MMA, is not entitled to attorney's fees based on alleged professional misconduct, with the court observing that "such fact-specific disputes are far more appropriately redressed by the courts hearing these specific cases."). Serious legal questions concerning the effect of the August 22 Order on any potential legal dispute between MMA and its clients exist. The Order invites an argument that the Order is *res judicata* as to those potential future claims, which have not even been pleaded, much less litigated. *See, e.g.,* Rec. Doc. 54 filed in Civil Action No. 2:22-cv-3855, in which plaintiff's counsel argued that "this Court already held, in August of 2023, that MMA is not entitled to recover fees from any case filed in this district." *But see* Rec. Doc. 45 in Civil Action No. 2:22-cv-3855 (post-August 22 memorandum order in which magistrate judge does not mention this Court's previous, presumably binding August 22 declaration and ostensibly independently finds that MMA has no right to attorney's fees), construed as report and recommendation and ostensibly adopted by this Court at Rec. Doc. 58 in the same case (notably absent from this Court's memorandum order is any mention of the ostensibly binding August 22 Order invoked by plaintiff's counsel).

[11]     With respect to settlement proceeds, insofar as the August 22 Order was based on the Court's inherent sanctioning authority, the jurisdictional impediment is even more glaring because matters settled out of Court were never before the Court. *Cf. Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458,460-61 (5th Cir. 2010) (conduct in collateral proceedings such as arbitration or other informal means of private dispute settlements is beyond the reach of the court's inherent authority to sanction).

meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 392 (5th Cir. 2011) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).   Notice and an opportunity to be heard must precede any deprivation of property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.") (internal quotation marks omitted).  The opportunity to be heard is "the most fundamental requirement" under our system of justice.  *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (citation omitted).

Notwithstanding MMA's vested interest in case and settlement proceeds, MMA had no notice or opportunity to be heard before the Court declared that MMA and related parties have no such interest in the Western District.  The August 8 hearing was noticed as a hearing to determine whether individual attorneys' suspensions should be reduced.  No one expected or requested that the Court adjudicate—much less that it had the jurisdictional power, legal authority, or factual predicate, to rule on—any conceivable interest in fees as to any of the cases pending (or settlements confected) in the Western District.  The Court provided no notice that it was contemplating this punitive and drastic measure.  No rule to show cause issued before divesting MMA of settlement proceeds or extinguishing its entitlement to claim its interest in case proceeds.

As to this due process issue which is on appeal to the Fifth Circuit—whether MMA's and Mr. Moseley's vested property rights in case and/or settlement proceeds entitled MMA and Mr. Moseley to be heard prior to the judicial extinguishment of those rights—the above-cited Supreme Court jurisprudence answers *yes*.  Because MMA's fundamental constitutional and property rights were extinguished by the August 22 Order absent pre-deprivation notice and an opportunity to be heard, a stay of that Order pending appeal is appropriate.  MMA and Mr. Moseley have shown a substantial case (and, a probability of success) on the merits as to this serious constitutional issue.

Furthermore, insofar as the August 22 Order is predicated on the Court's inherent sanction power, there is a substantial legal question as to whether a trial court exceeds its inherent power when it categorically extinguishes a law firm's (or its principal's) vested property interest even *with* notice to that party.  MMA and Mr. Moseley thus have a substantial case on appeal for a third reason.  The Court's inherent power is scrutinized to ensure necessity and appropriateness under an exacting standard:

> Because of the potency of inherent powers and the limited control of their exercise, … they must be used with great restraint and caution. The threshold for the use of the inherent power sanction is high. Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ "the least possible power adequate to the end proposed." If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first.

*Nat. Gas. Pipeline Co.*, 86 F.3d at 466 (internal citations omitted).  Considering that sanctions have issued against MMA and its individual attorneys in numerous cases, and that the August 22 sanction destroys MMA's (and its lenders') vested property rights, MMA has a substantial case that the August 22 Order does not utilize the "least possible power" to obtain compliance and that a lesser sanction may have the desired effect.

MMA and Mr. Moseley have amply demonstrated a substantial case on the merits as to no less than three serious legal issues.  Even the more exacting standard is met.  The critical first factor favors a stay.

2. *MMA has and will suffer an irreparable injury if the August 22 Order is not stayed.*

As to the second critical *Nken* factor, MMA and Mr. Moseley will clearly suffer an irreparable injury if the August 22 Order is not stayed pending appeal.  The Order disallows all MMA fees in settled matters and pending cases.  The Court intends that the checks listed in its Exhibit A to be processed and distributed excising MMA's fees.  If that occurs before appeal is heard, MMA's vested property interest in exigible settlement funds will be diminished or totally

8

extinguished.  Moreover, the August 22 Order applies to "any cases pending in this Court," and so included not only retrospective rights in settled cases, but prospective rights in ongoing cases. Transferring funds, thereby extinguishing property rights, prior to the determination of MMA's and Mr. Moseley's appeal is irreparable injury.  For this reason, retention of the status quo ante is necessary pending resolution of the serious legal issues implicated in the August 22 Order.

### 3.   A stay would not harm other parties.

The third *Nken* factor likewise supports a stay or is neutral.  This is a miscellaneous disciplinary matter—there is no other party.   Nevertheless, the interest in upholding the disciplinary rules is great and thus it is worthwhile to consider potential harm to the Court itself, and arguably the judiciary and the bar, in whose interest sanctions may lie.  Even so, there is minimal harm (and no *irreparable* harm) in staying the Order pending appeal to ensure that any sanctions are fashioned consistent with the constitution and are not unduly punitive.

It is reasonable to analyze the MMA clients' interests as "other parties."  To be sure, the Court has legitimate concern that MMA clients timely receive settlement funds.  Accomplishing this goal can be achieved in a manner that does not deprive MMA and related parties of their rights. For example, the Court could order that the MMA clients be paid the portion of the funds to which they are indisputably legally entitled under their fee arrangement contracts with MMA, withholding only those funds contractually designated as attorneys' fees.  In such a scenario, MMA clients would receive 100% of the proceeds to which they are contractually and legally entitled, while protecting MMA's and its lenders' interests while the Court's Order is reviewed. Such an approach protects all parties' interests in these proceeds.

### 4.   A stay would serve the public interest.

The fourth *Nken* factor supports a stay, or, alternatively, is neutral.  The public interests involved in this matter are identical to the judiciary's general interest in ensuring fair and impartial

9

proceedings and appropriately governing lawyer conduct.  For the same reasons set forth above, that interest has been and may be carried out after MMA's and Mr. Moseley's appeal is determined, whereas conversely, movants' interests will be immediately harmed if no stay issues.

There is a further public interest in the fair administration of justice.  This matter implicates parties' fundamental rights, which apply equally to all citizens.  Those rights include the right to due process, the right to contract, the right against takings, and substantial property rights.  A full and fair adjudication of those rights are in the public interest.

## III.    Conclusion and Prayer

For the reasons set forth above, MMA and Mr. Moseley pray the Court stay its August 22 Order until the U.S. Court of Appeals for the Fifth Circuit resolves MMA's and Mr. Moseley's appeal.  A proposed order is attached for the Court's convenience.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
Gwyneth A. O'Neill, 35944
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
(504) 680-6065
billy@semmlaw.com
gwyneth@semmlaw.com

*Attorneys for MMA Law Firm, PLLC and*
*J. Zachary Moseley*