# United States Court of Appeals
# for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Apr 16, 2024

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2024
Lyle W. Cayce
Clerk

No. 23-30671

CLAUDE F. REYNAUD, III,

*Appellant.*

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-MC-62

Before KING, HO, and ENGELHARDT, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. *See* FED. R. APP. P. 41(b). The court may shorten or extend the time by order. *See* 5TH CIR. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 25, 2024
Lyle W. Cayce
Clerk

No. 23-30671

CLAUDE F. REYNAUD, III,

*Appellant.*

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-MC-62

Before KING, HO, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

The district court suspended Plaintiff Claude F. Reynaud, III from practicing law in the Western District of Louisiana for ninety days due to attorney misconduct. The court subsequently extended his suspension for an additional nine months.

We find that, in extending the suspension for nine more months, the district court failed to comply with Local Rule 83.2.10(B)(3). Had the district court complied with the Local Rule, the suspension would have been consistent with the requirements of due process. Accordingly, on remand, the court may re-issue the sanction in compliance with the Local Rule, if it wishes to do so.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30671

* * *

Reynaud was an attorney at McClenny Moseley & Associates PLLC. MMA had planned to file its Hurricane Laura and Delta claims collectively in about a hundred lawsuits using permissive joinder, but the district court rejected the filings and instructed MMA to file for each plaintiff separately. Reynaud's supervisor, William Huye, thus urgently asked Reynaud and other MMA attorneys to provide access to their PACER accounts so that MMA could timely file the complaints before the claims prescribed. Reynaud agreed to do so.

In February 2023, the Louisiana Department of Insurance issued a "cease and desist" letter to MMA. Reynaud soon learned of MMA's misrepresentations in the filings and began planning his departure from the firm. In March 2023, the district court suspended Reynaud and other MMA attorneys from practicing law in the Western District of Louisiana for ninety days, the maximum allowable sanction that an Article III judge could impose on an attorney without the approval of other Article III judges or the Chief Judge. Local Rule 83.2.10(B)(2). In its order, the district court identified several misconduct concerns, including "poor client communication, use of legal marketing program Velawcity, and failure to properly document its expenses for settlement approval."

In June 2023, the district court extended the suspensions after obtaining the unanimous vote of the Article III judges of the Western District of Louisiana. Reynaud's suspension was extended for an additional nine months. The district court also gave the MMA attorneys the opportunity to request individual hearings about the suspensions within fifteen days of the order. Reynaud and the other MMA attorneys timely requested individual hearings. Prior to the hearings, the district court instructed the MMA attorneys to produce information on MMA's IOLTA account. Reynaud

Case 3:23-mc-00062-JDC   Document 60   Filed 04/16/24   Page 4 of 8 PageID #: 910
Case: 23-30671   Document: 47-2   Page: 3   Date Filed: 04/16/2024

No. 23-30671

testified on his behalf at his hearing, but the district court did not find just cause to reduce his suspension.

We review a district court's decision to impose sanctions against an attorney for abuse of discretion. *United States v. Brown*, 72 F.3d 25, 28 (5th Cir. 1995). The decision is an abuse of discretion if it is based on an "erroneous view of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

On appeal, Reynaud presents two arguments against the district court's decision to extend Reynaud's suspension. We address each of the arguments below.

First, Reynaud argues that the district court deviated from the procedures set out in Local Rule 83.2.10(B)(3) and related principles set forth in Fifth Circuit precedent. Specifically, Reynaud contends that the district court violated Local Rule 83.2.10(B)(3) by failing to conduct a hearing prior to conducting the Article III judges' vote. We agree.

Local Rule 83.2.10(B) outlines the rules of disciplinary action. As mentioned above, an Article III judge may impose a maximum suspension of ninety days without the approval of other Article III judges or the Chief Judge of the court. Local Rule 83.2.10(B)(2). To impose suspensions exceeding ninety days, the Local Rules require the following: (1) the judge must refer the suspension to the Chief Judge or the Chief Judge's Article III designee to investigate and determine a recommended action; (2) notice and an opportunity to be heard then must be provided to the attorney; (3) the Chief Judge or the designee then presents its recommendation to the Article III judges of the court; and (4) a majority vote is needed on the recommended action at a general or special meeting or by email vote. Local Rule 83.2.10(B)(3).

No. 23-30671

"When a court undertakes to sanction an attorney for violating court rules, it is incumbent upon the sanctioning court to observe scrupulously its own rules of disciplinary procedure." *In re Thalheim*, 853 F.2d 383, 390 (5th Cir. 1988). Because attorney suspension cases are "quasi-criminal in character," if there is any ambiguity, it should be resolved in favor of the attorney charged. *Id.* at 388. But the Local Rules here are unambiguous. The Local Rules state that the Chief Judge or the Chief Judge's designee shall present its recommended action to the Article III judges and conduct the vote, but only "after notice to the attorney and an opportunity to be heard." Local Rule 83.2.10(B)(3). The district court in this case issued its June 8, 2023 order to extend Reynaud's suspension without the opportunity for a hearing but after obtaining the approval of the other judges. And "unless and until [an] amendment [of the Rules] occurs, attorneys have the right to rely upon the rules." *Thalheim*, 853 F.2d at 390.

Therefore, we find that the district court's decision improperly deviated from the Local Rules, which in turn, conflicts with this court's precedent in *Matter of Thalheim*. Accordingly, the nine-month extended suspension was procedurally invalid because of the district court's erroneous view of the law. *Id.*

Reynaud additionally challenges his suspension on the ground that, even if the district court had complied with the Local Rule, his suspension violated due process. We disagree.

Reynaud claims that, because the district court continuously grouped him together with the "other MMA attorneys," he did not have adequate notice of the specific allegations against him. While Reynaud recognizes that his PACER credentials were used to file faulty complaints, he argues that he could not "glean with certainty the basis for the district court's refusal to lift

Case 3:23-mc-00062-JDC   Document 60   Filed 04/16/24   Page 6 of 8 PageID #: 912
Case: 23-30671   Document: 47-2   Page: 5   Date Filed: 04/16/2024

No. 23-30671

the nine-month suspension imposed following the expiration of the original, 90-day suspension."

Due process requires notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In attorney disciplinary settings, due process rarely requires any more than this. *See Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000). While the district court misapplied its Local Rules, the record does not support that the district court deprived Reynaud due process in the disciplinary proceedings. The district court did give Reynaud notice and the opportunity to request an individual hearing regarding the suspension within 15 days of the June 8, 2023 order.

The hearing transcript reveals several instances where the district court identified and attributed specific allegations against Reynaud. For example, the court noted that Reynaud contributed to the firm's client communication issues. It concluded that Reynaud "basically . . . sent [clients] into the abyss because most people got no answers," and that his office functioned as a "call center" for the firm. Hearing Tr. at 99:23–100:10.

The court also noted that Reynaud failed his "duty as an officer of this court" by acquiescing in Huye's legal strategies. Hearing Tr. at 103:18–104:14; *see* Hearing Tr. 118:8–118:17 ("And I guess I have a hard time understanding how you-all are there involved and y'all don't see it . . . . I'm grasping with trying to understand how y'all all are saying we didn't know . . . . And from you in particular because you're a little more experienced . . . ."). The court insisted that, with his experience, Reynaud should have known that "there's no way that you c[ould] file permissive joinder in federal court on a hurricane lawsuit. . . . [Reynaud] should have put [his] foot down." Hearing Tr. at 104:4–14. The court also mentioned several

Case 3:23-mc-00062-JDC Document 60 Filed 04/16/24 Page 7 of 8 PageID #: 913
Case: 23-30671 Document: 47-2 Page: 6 Date Filed: 04/16/2024

No. 23-30671

other occasions where Reynaud looked the other way and failed to act when there was substantial likelihood of legal or ethical violations. *See, e.g.,* Hearing Tr. at 113:1–114:15 (failed to act despite evidence of forged checks); Hearing Tr. at 114:22–116:13 (failed to act despite evidence of incompliant trust account).

The district court considered Reynaud's testimonial evidence but ultimately concluded that the extended suspension was justified. The hearing transcript indicates that Reynaud had adequate notice of the allegations brought against him and that he had a meaningful opportunity to be heard. Thus, we find that the district court did not commit a due process violation against Reynaud.

\* \* \*

If the district court wishes to extend Reynaud's suspension for an additional nine months, it may do so on remand, in accordance with the Local Rules. For the reasons stated above, we remand the sanctions imposed on Plaintiff.

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

April 16, 2024

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30671   In re: Claude Reynaud
                             USDC No. 3:23-MC-62

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Monica R. Washington, Deputy Clerk
                            504-310-7705

cc:  Mr. Scott Michael Galante
     Mr. William Michael Ross