# *United States Court of Appeals*

## FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 01, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

        No. 23-30670    In re: McClenny Moseley
                        USDC No. 3:23-MC-62
                        USDC No. 3:23-MC-62

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Majella A. Sutton, Deputy Clerk
                        504-310-7680

cc:
    Ms. Alixe L. Duplechain
    Mr. Thomas More Flanagan
    Mr. Grant P. Gardiner
    Mr. William P. Gibbens
    Ms. Kansas Marie Guidry-Leingang
    Mr. Anders F. Holmgren
    Mr. R. William Huye III
    Mr. John Garrison Jordan
    Ms. Melissa M. Lessell
    Mr. James McClenny
    Ms. Andrea L. Miller
    Mr. John Moseley
    Ms. Gwyneth A. O'Neill
    Mr. Claude Fauvot Reynaud III

Mr. William Michael Ross
Ms. Elsbet Carroll Smith
Mr. Cameron Snowden
Mr. Kevin Richard Tully



Certified as a true copy and issued
as the mandate on Jul 01, 2024

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
## for the Fifth Circuit

——————

No. 23-30670

——————

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2024

Lyle W. Cayce
Clerk

McClenny Moseley & Associates, P.L.L.C.; J. Zachary
Moseley,

*Appellants,*

CONSOLIDATED WITH

——————

No. 23-30692

——————

McClenny Moseley & Associates, P.L.L.C.; Cameron S.
Snowden; James M. McClenny; Grant P. Gardiner;
Claude F. Reynaud, III; J. Zachary Moseley,

*Respondents—Appellees,*

*versus*

Equal Access Justice Fund, L.P.; EAJF ESQ Fund, L.P.,

*Movants—Appellants.*

——————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-MC-62
USDC No. 3:23-MC-62

——————————————

Before SMITH, WIENER, and DOUGLAS, *Circuit Judges*.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and REMANDED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

2

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30670

———————

MCCLENNY MOSELEY & ASSOCIATES, P.L.L.C.; J. ZACHARY
MOSELEY,

*Appellants,*

CONSOLIDATED WITH

———————

No. 23-30692

———————

MCCLENNY MOSELEY & ASSOCIATES, P.L.L.C.; CAMERON S.
SNOWDEN; JAMES M. MCCLENNY; GRANT P. GARDINER;
CLAUDE F. REYNAUD, III; J. ZACHARY MOSELEY,

*Respondents—Appellees,*

*versus*

EQUAL ACCESS JUSTICE FUND, L.P.; EAJF ESQ FUND, L.P.,

*Movants—Appellants.*

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-MC-62

———————————————————

No. 23-30670
c/w No. 23-30692

Before Smith, Wiener, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:[*]

This unusual case involves the disciplinary proceedings of a law firm, McClenny Moseley & Associates, P.L.L.C. ("MMA"), which filed hundreds of hurricane-related insurance claims on behalf of its alleged clients. After suspending MMA's attorneys, the district court *sua sponte* determined that MMA, its individual attorneys, and related parties are not entitled to attorneys' fees or costs for any pending claims, and also ruled that MMA and its related parties have no property or ownership interest in any proceeds that MMA would potentially have been entitled to. In addition, the district court denied a motion to intervene by MMA's lender, the Equal Access Justice Fund, L.P. and EAJF ESQ Fund, L.P. (collectively "EAJF"). We CONSOLIDATE these appeals, and for the reasons that follow, we VACATE and REMAND.

## I.   Background

After Hurricanes Laura, Delta, and Ida struck Louisiana, MMA represented hundreds of storm victims on property-damage claims. MMA filed several hundred lawsuits within a short timeframe in various jurisdictions, including the Western District of Louisiana.

The district court's review of the cases raised several issues, including duplicate filings, cases filed against insurers who had no insurance policy in place with the plaintiffs, and cases filed on behalf of plaintiffs who had already settled their hurricane claims directly with the insurer. Subsequently, the district court gave MMA the opportunity to address those issues through hearings held on October 20 and December 13, 2022. For example, during

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30670
c/w No. 23-30692

the December hearing, the district court heard testimony from several MMA clients, none of whom appeared to have adequately communicated with their attorneys before MMA filed suit.

The hearings did not assuage the district court's concerns and instead raised new issues regarding client communication, how MMA had been retained, and the handling of settlement proceeds. The district court expressed concern that MMA is committing ongoing misconduct through poor client communication and use of its marketing program.

Following those hearings, the district court entered an order in March 2023 that suspended MMA and its lawyers from practicing in the Western District of Louisiana for 90 days. Then, the district court extended the suspensions for periods ranging from six months to one year. The court also notified the individual attorneys that they could ask to be heard on their suspensions. The district court conducted additional hearings regarding the suspensions in July and August 2023 in response to requests by MMA attorneys.

Counsel for former MMA attorney James McClenny emailed to the district court—as requested of him—some or all of the loan agreements and related documents with EAJF. The court also questioned Zachary Moseley (an MMA attorney and principal of the firm) about the loans during the August hearing.

After the July and August hearings, the district court issued a *sua sponte* order that addressed not only the suspensions but also the validity of numerous fee agreements between MMA and its clients. Specifically, the court ruled on August 22, 2023, that MMA and its attorneys—as well as "all related parties"—were "not entitled to any attorney fees, costs, and/or expenses in any of the cases" listed on an attachment to its order (hereinafter "August Order"). The court further ruled that "MMA and related parties

3

No. 23-30670
c/w No. 23-30692

have no property interest/ownership in the proceeds of any cases pending in this Court."

Within 13 days of the August Order, EAJF moved to intervene as of right and, alternatively, for permissive intervention. EAJF asked for expedited consideration and moved for a telephone status conference in light of the appeal window. The following day, on September 19, 2023, the district court denied the motion to intervene (hereinafter "September Order"), stating that the "Lenders entered into loan agreements with the MMA firm and its attorneys" and noting that "the Lenders' rights under the personal guarantees have not been affected by the Court's decision to deny the Motion to Intervene." EAJF timely appealed.

We have jurisdiction to review the district court's orders under 28 U.S.C. § 1291. *See In re Andry*, 921 F.3d 211, 213 n.4 (5th Cir. 2019); *Ravago Ams. L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020).

## II.   Discussion

The consolidated cases present two primary issues: (1) whether the district court erred in its *sua sponte* August Order and (2) whether it also erred in its September Order. MMA argues the first issue while EAJF argues both issues. No parties filed response briefs in these cases. We begin with the August Order and then move to the September Order.

### A.   August Order: Fees, Costs & Proceeds

First, MMA and EAJF argue that the district court erred by violating their due process rights.[1] Second, MMA argues that the district court

---

[1] Separately, the parties argue that the district court's August Order is void for lack of a justiciable case or controversy. Because we find that the district court erred regarding due process, we will not reach the parties attenuated jurisdiction argument.

4

No. 23-30670
c/w No. 23-30692

exceeded its sanctioning authority. We discuss each argument in turn.

i.    *Due Process*

MMA and EAJF argue that the district court violated their due process rights. We review constitutional and other issues of law de novo. *See United States v. Ceasar*, 30 F.4th 497, 500 (5th Cir. 2022).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 392 (5th Cir. 2011) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). Notice and an opportunity to be heard generally must precede the deprivation of property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." (internal quotation marks omitted)). The opportunity to be heard is "the most fundamental requirement" in our justice system. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

In this case, it appears that no notice or opportunity to be heard or defend against the deprivation of "property interest/ownership" was afforded to MMA or any "related parties." The district court held the August 8 hearing to determine the duration of individual attorneys' extended suspensions. What followed that hearing, however, was the district court's August Order, which ordered *sua sponte* that MMA and related parties have no interest in any case or matter within the Western District. Indeed, there was no notice, the district court did not issue an order to show cause, nor did any party file a motion.

5

In contrast, this court has previously found no due process violation where the district court gave an MMA attorney notice and an opportunity to request an individual hearing regarding his suspension. *Reynaud*, No. 23-30671, 2024 WL 1255455, at *2 (5th Cir. Mar. 25, 2024). Here, the district court conducted suspension hearings, but nothing in the hearing transcripts indicate a meaningful opportunity to be heard on the attorneys' fees, costs, or litigation proceeds. "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Loudermill*, 470 U.S. at 546. Thus, because there was no notice or opportunity to be heard, we vacate and remand the August Order.

### ii.    *Sanction Authority*

MMA further argues that the district court exceeded the scope of its inherent sanctioning authority. We review de novo the legal question of whether a sanctioned litigant received due process, while imposition of a particular sanction, utilization of inherent powers, or findings underlying sanctions are reviewed for abuse of discretion. *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339 (5th Cir. 2015).

"Inherent power must arise from the litigation before the sanctioning court, and a district court abuses its discretion for sanctioning conduct that cannot be construed as part of the proceedings before it." *In re FEMA Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 883 (5th Cir. 2010) (citing *In re Case*, 937 F.2d 1014, 1024 (5th Cir. 1991)) (cleaned up). "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) (citation omitted). The inherent sanctioning power is "based on the need to control court proceeding[s] and [the] necessity of

protecting the exercise of judicial authority in connection with those proceedings." *In re Case*, 937 F.2d at 1023. Therefore, the district court's inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

The district court's inherent power "must be exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, and "may be exercised only if essential to preserve the authority of the court." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). Of course, a court exercising its inherent sanctioning authority must comply with due process. *Chambers*, 501 U.S. at 44, 50 ("A court . . . must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.") (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980))).

Here, the district court, without reference to any legal standard, issued its August Order finding that MMA was "not entitled to any attorney fees, costs and/or expenses[.]" Assuming the district court was exercising its inherent sanctioning authority in this disciplinary proceeding, it appears that the district court found "bad faith" based on "MMA's abrogation of their duty and responsibility toward these Louisiana residents" but the court exceeded its sanctioning authority in extinguishing property rights of MMA and related parties because it did not issue a show cause order, so as to not offend due process, or clarify the necessity to exercise its discretion over any related parties to this case. *See, e.g.*, Fed. R. Civ. P. 11(c)(3), (5) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) . . .").

No. 23-30670
c/w No. 23-30692

The district court stated that "MMA's clear solicitation of clients voids any contract of representation." But the court made no findings as to whether the conduct it was sanctioning had a nexus to the litigation pending before it, nor did it explain the legal basis for the sanction against MMA or any related parties. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) ("Hence the need for a court, when using its inherent sanctioning authority (and civil procedures), to establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party."). Moreover, where sanctions are punitive in nature, the court must observe additional measures beyond these basic limiting principles. *See In re Collier*, 582 F. App'x 419, 423 (5th Cir. 2014) (granting a petition for writ of mandamus "[b]ecause the district court failed to provide the proper procedural protections" before holding an attorney in criminal contempt) (per curiam). Thus, on remand, if the district court chooses to exercise its inherent sanctioning authority, it must clarify the breadth and basis for sanctions that comport with the above standards.

## B. September Order: Motion to Intervene

EAJF argues that it should be permitted to intervene as of right or, alternatively, to intervene permissively. We review the denial of intervention as of right de novo and a denial of permissive intervention for abuse of discretion. *Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc)); *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).

"'Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed.'" *Texas*, 805 F.3d at 656–57 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). "'Federal courts should allow intervention where no one would be hurt and the greater justice could be attained.'" *Id.* at 657 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). When ruling on the motion to intervene, "we

8

No. 23-30670
c/w No. 23-30692

accept" the proposed intervenor's "factual allegations as true." *Id.* (citing *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 57 (5th Cir. 1977)).

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," FED. R. CIV. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas*, 805 F.3d at 657 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc).

Alternatively, "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1).

In this case, the district court denied EAJF's motion to intervene on the basis that "MMA would not be entitled to any fees for ill-begotten gain" and EAJF's "rights under the personal guarantees have not been affected by the [district court's] decision to deny the Motion to Intervene."

As to intervention by right, EAJF's motion is timely because it sought to intervene within 13 days of the August Order. *See Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) ("By filing their petition less than one month after learning of their interest in this case, the appellants discharged their

9

duty to act quickly."). Thus, EAJF satisfies the first factor under Rule 24(a)(2).

In addition, EAJF has a property interest that is "'direct, substantial, [and] legally protectable,'" *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005), because its security interests constitute "a quintessential property right." *Optimum Lab'y Servs., LLC v. Simmons Bank*, No. 20-00007, 2023 WL 3855067, at *2 (W.D. Tex. June 5, 2023); *see also Giancaspro v. Network Travel Experiences, Inc.*, No. 22-5745, 2022 WL 19569513, at *5 (C.D. Cal. Nov. 3, 2022) ("[I]t is well-established that a security interest in property constitutes a sufficient interest to support intervention as a matter of right under Rule 24(a)."); *Adam Joseph Res.*, 919 F.3d at 866 (attorney's fee interest in case proceeds "is a sufficient interest relating to the property or transaction that is the subject of the action for purposes of intervention" (internal quotation marks and citation omitted)). Thus, EAJF has proven the second factor under Rule 24(a)(2) to protect its interests.

Moreover, because the district court ruled that MMA has no interest in certain case proceeds, any other ruling for EAJF regarding MMA's right and EAJF's derivative rights in the collateral would necessarily "overlap or conflict" with the district court's prior ruling. *See Stallworth*, 558 F.2d at 268. Thus, "as a practical matter," the district court's decision impairs or impedes EAJF's ability to protect its interests. *Id.*; *see Sierra Club*, 18 F.3d at 1207 (finding intervention was warranted where an adverse district court's decision might have precedential effect and thereby impair the movants' ability to protect their interest). Thus, EAJF has shown that it also satisfies the third factor under Rule 24(a)(2).

Finally, EAJF's interests are not adequately represented by the existing parties because MMA did not represent EAJF's interests before the district court. Indeed, MMA made no filings in the disciplinary proceedings

No. 23-30670
c/w No. 23-30692

on EAJF's behalf before EAJF sought to intervene. At the very least, there are diverging interests between the parties because MMA's attorneys have either left the firm or have been suspended from practicing law, the firm is subjected to various sanctions, and the firm has been sued in multiple cases. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022); *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002). There is a clear risk for EAJF if MMA loses the ability to continue any of its litigation or defend itself in any pending matter. Thus, the district court erred in its denial of EAJF's motion to intervene as to the fourth factor of Rule 24(a)(2). We hold that EAJF may intervene by right.

\* \* \*

Consistent with the above, the district court's orders as to the fees and proceeds of the litigation, and motion to intervene, are VACATED and REMANDED.